[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a contested action for dissolution brought by the Plaintiff husband, against the Defendant wife, on the grounds of irretrievable breakdown
The Plaintiff and Defendant were intermarried in Hartford, Connecticut, on April 24, 1981. There are no minor children issue of this marriage
This matter was heard on October 31, 1994, at which time, at the request of the Defendant, the Court entered an order of dissolution and restored the maiden name of the Defendant, to wit, Jones. Accordingly, this memorandum deals solely with the financial aspects of this matter. CT Page 619
From the credible evidence proffered at trial, the Court finds the following chronology of events: The parties met sometime in 1976 and began living together about the end of 1977. The parties moved into the 97 Ellsworth Drive home, the marital residence in the instant case. The Plaintiff had been living in the home for approximately four years. He had purchased it with a V.A. mortgage with a downpayment of approximately $4,300.00, consisting of approximately $2,000.00 which he gave to the sellers, Mr. and Mrs. Pealer, and the downpayment as evidenced in Plaintiff's Exhibit A. The Defendant was never made record owner of that property. She did, however, throughout the course of the marriage contribute to the maintenance of the property in that she worked full time and, for a very short time, part time, over the sixteen years she shared the residence with the Plaintiff.
At the time the couple was married the Plaintiff was employed as a police officer for the City of Hartford. He is currently receiving a pension for the 26 years of his employment with the City. After he retired from that position he took a job as a security guard at the University of Connecticut. In addition to that full time position he works approximately 27 to 30 hours a week as a security guard for Hartford Hospital. The Plaintiff is 59 years of age.
When the Defendant first moved in with the Plaintiff, she was working part time and continuing her education. About the time the two married she commenced full time employment and continued to work on a full time basis while continuing with her education. In 1982 she received her RN degree and, in 1990, her Bachelors Degree. She is still attending school on a part time basis and is in the process of receiving her Masters Degree. She is currently employed as a nursing supervisor with the Hebrew Home and teachers a course in nursing at Greater Hartford Community College. As a condition of employment in both the Hebrew Home and the Greater Hartford Community College she is required to pursue her Master's Degree. Defendant is now 42 years of age and in good health.
Although there was some attempt on the part of the Defendant to establish that the cause of the marital breakdown was because the Plaintiff had engaged in extra marital affairs, this was not established with sufficient evidence for the Court to so conclude. It is clear from both parties, CT Page 620 however, that there did come a time when communications broke down between the two. Based on the testimony at trial and, considering the length of the marriage, the Court concludes that there was no one cause as to the breakdown of the marriage, but rather a series of events which finally led to a complete breakdown in communications between these two parties.
Based on the testimony of the parties and their financial affidavits the marital assets appear to consist of $39,000.00 in equity in the marital residence at 97 Ellsworth Drive and $12,412.00 in deferred compensation accounts of the Defendant. It is Plaintiff's claim that because the marital residence is solely in his name that he should retain all of the equity. He further argues that, even if the Defendant is entitled to some of the equity, she is not entitled to one-half since she did not contribute to precisely one-half of the maintenance of the home. It is clear from the testimony, however, that during the course of the marriage not only was the Defendant employed full time, but during the latter few years of the marriage was earning a higher salary that the Plaintiff. It seems appropriate to the Court that she share equally in the equity of the home.
Another claim made by the Plaintiff that Defendant should be given less than a one-half share is that he voluntarily contributed to the support of the Defendant's daughter, Cantrell, and continues to contribute to her college expenses. Although this was conceded by the Defendant, she also testified to the fact that during the pendency of the marriage the Plaintiff's son, Gregory, lived with them for a period of time and his daughter, Shavanne, lived with them from elementary school until she graduated from college.
In arriving at financial orders in this case, the Court has considered all of the criteria contained in sections 46b-61,46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes.
Accordingly, the following financial orders shall enter:
1. The Defendant shall retain her deferred compensation accounts entitled Connecticut Mutual Life Insurance, Panorama Growth Account and Transamerica Life Company Merit-Flex TSA, totalling, according to Defendant's testimony, $12,412.00. CT Page 621
2. No alimony is awarded to either party.
3. The Plaintiff shall execute a promissory note in the sum of $10,000.00 representing Defendant's share of the $39,00.00 [$39,000.00] equity in the marital home, reduced by her retention of her deferred compensation accounts in full, a nominal lump sum alimony component and consideration for the fact that Plaintiff contributed an amount of approximately $4,300.00 as a downpayment for the residence. Said promissory note shall be secured by a mortgage on the marital home, payable within five years of the date of judgment, and bearing interest at a rate of 3% per year.
4. Plaintiff is to pay Defendant the sum of $800.00 toward payment of the outstanding debt owed by the parties for the 1991 Connecticut Income Taxes. This shall be paid within 30 days of this order.
5. Each party shall be responsible for all debts listed on their respective financial affidavits, except for the State of Connecticut taxes referred to in paragraph 4 above, and hold each other harmless therefrom.
Plaintiff shall hold Defendant harmless as to the second mortgage on the marital home.
Santos, J.